# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2426

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Aaron Jorge Diaz, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 11, 2004

Filed:  May 17, 2004

_____

Before MURPHY and FAGG, Circuit Judges, and GOLDBERG,[*] Judge of the United States Court of International Trade.

_____

FAGG, Circuit Judge.

Aaron Jorge Diaz pleaded guilty to receiving child pornography.  At sentencing, the district court[**] increased Diaz's offense level by four under U.S.S.G.

_____

[*]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

[**]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

§ 2G2.2(b)(3) (increase required if child pornography "portrays sadistic or masochistic conduct or other depictions of violence").

On appeal, Diaz contends his images of child pornography were not sadistic, masochistic, or depictions of violence within the meaning of § 2G2.2(b)(3). We disagree. We have defined the term sadism as the infliction of pain on a love object to obtain sexual release, and as delight in physical or mental cruelty. United States v. Wolk, 337 F.3d 997, 1008 (8th Cir. 2003); United States v. Parker, 267 F.3d 839, 847 (8th Cir. 2001). We have defined violence as the exertion of physical force to injure or abuse. Id. The images in this case depict the sexual penetration of a minor girl by an adult male with his penis, a young boy performing fellatio on an adult male, an adult male performing anal sex on a minor girl, prepubescent girls performing fellatio on an adult male, a group of adolescent boys ejaculating on a grimacing prepubescent boy, and an adolescent male performing anal sex on a young boy. We conclude the images are sadistic or depictions of violence within the meaning of § 2G2.2(b)(3). See Parker, 267 F.3d at 847; United States v. Hall, 312 F.3d 1250, 1261-63 (11th Cir. 2002) (images showing vaginal or anal penetration of a prepubescent minor by either an adult male or a foreign object is sadistic within the meaning of § 2G2.2(b)(3)); United States v. Lyckman, 235 F.3d 234, 238-39 (5th Cir. 2000) (when pornographic image shows an adult male engaging in sexual intercourse with a young girl, the conduct shown is sufficiently painful, coercive, abusive, and degrading to qualify as sadistic or violent under § 2G2.2(b)(3)); United States v. Canada, 110 F.3d 260, 264 (5th Cir. 1997) (same).

Diaz also argues the Government did not show he intended to receive the sadistic or masochistic images. Diaz did not raise this issue in the district court, and appellate review of the issue is foreclosed by Diaz's plea agreement. Besides, we have already held that § 2G2.2(b)(3) has no express intent element and that we will not read one into it. Wolk, 337 F.3d at 1008.

We thus affirm Diaz's sentence.

_____