# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1946

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| William Ralph Dodd, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 15, 2010
Filed: March 11, 2010

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

_____

LOKEN, Chief Judge.

William Ralph Dodd pleaded guilty to knowingly receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4). The presentence investigation report (PSR) recommended that his base offense level be increased by two levels because the offenses involved distribution of child pornography and by four levels because the offenses involved material portraying "sadistic or masochistic conduct or other depictions of violence." U.S.S.G. §§ 2G2.2(b)(3)(F), (b)(4). Overruling Dodd's objections, the district court[1] imposed the enhancements, resulting

_____

[1]The HONORABLE JAMES E. GRITZNER, United States District Judge for the Southern District of Iowa.

in an advisory guidelines range of 168 to 210 months in prison. The court granted a downward variance and sentenced Dodd to 151 months in prison. Dodd appeals, arguing that the court committed procedural error by imposing the enhancements. See Gall v. United States, 552 U.S. 38, 51 (2007). Reviewing the district court's interpretation of the Guidelines *de novo* and its fact findings for clear error, we affirm. See United States v. Griffin, 482 F.3d 1008, 1011 (8th Cir. 2007) (standard of review).

Investigating internet distribution of child pornography, a law enforcement officer logged onto LimeWire, a peer-to-peer file sharing network, and conducted a search using the term "preteen." He connected to a responding internet address, reviewed the list of files that user was sharing, and confirmed that at least two of the files contained child pornography. The user was identified as Dodd. A warrant search of Dodd's home uncovered seventeen videos on his computer that contained child pornography. He was charged with knowingly distributing, receiving, and possessing child pornography. He pleaded guilty to knowing receipt and possession. The distribution count was dismissed.

## I. The Distribution Enhancement

The guidelines for child pornography offenses increase the base offense level by different amounts for specified types of distribution, providing, for example, five-level increases for distribution "for pecuniary gain" or "for the receipt . . . of a thing of value." U.S.S.G. § 2G2.2(b)(3)(A)-(B). The two-level increase here at issue applies if the offense involved distribution "other than distribution described in subdivisions (A) through (E)." § 2G2.2(b)(3)(F).

Dodd's PSR explained that peer-to-peer file sharing programs "allow internet users to share files on their computers with others utilizing the same program. A user can obtain files from other users' computers and allow other users to obtain files from his/her computer. In order to share one's files, the user must place them in a folder

which is 'shared' with others." In this case, an investigator connected to Dodd's internet address by using this software to search the term "preteen," and determined that at least two of the files the user made available for downloading by other users of the program contained child pornography. The PSR recommended a two-level increase "[b]ecause the defendant distributed the material to another person."

Dodd objected to the increase. Without objecting to the PSR's generic description of file sharing programs, or its description of the manner in which the investigator accessed child pornography on Dodd's computer, Dodd asserted "that he never made this material available for public viewing, nor did he have any intent to distribute after he downloaded [the child pornography]." Thus, it is undisputed that an investigator using a file sharing program on the internet accessed and downloaded child pornography stored on Dodd's computer.

Neither side presented evidence on this issue at the sentencing hearing. Dodd argued, as he does on appeal, that the distribution enhancement is inappropriate when "there is absolutely no evidence that the defendant was aware that files downloaded to his saved file are available automatically to others." The government argued that LimeWire "is set up for the sole purpose of sharing files," and "affirmative steps must be taken in setting up that . . . system" to make the files in the shared folder available to others. "It doesn't happen by mistake and it doesn't happen by accident." The district court overruled Dodd's objection, concluding that prior Eighth Circuit cases establish that this increase applies if a file sharing device is set up so that child pornography is available to others with or without further activity by the defendant.

The leading Eighth Circuit case on this issue is United States v. Griffin, 482 F.3d 1008 (8th Cir. 2007). The primary issue in Griffin was the five-level increase for distribution "for the receipt, or the expectation of receipt, of a thing of value." § 2G2.2(b)(3)(B). However, before reaching that issue, we concluded that the defendant in Griffin "was engaged in the distribution of child pornography" because

his "use of the peer-to-peer file-sharing network made the child pornography files in his shared folder available to be searched and downloaded by other Kazaa users as evidenced by the partially downloaded file recovered by Danish authorities." 482 F.3d at 1012. Dodd urges us to distinguish Griffin because the defendant in that case admitted "he downloaded child pornography files from Kazaa, knew that Kazaa was a file-sharing network, and knew that, by using Kazaa, other Kazaa users could download files from him," whereas Dodd made no such admissions. Id. at 1013,

We conclude that the district court properly applied Griffin to the two-level distribution increase here at issue for two reasons. First, this is a fact-intensive inquiry. Thus, the issue is whether the district court clearly erred in finding by a preponderance of the evidence that Dodd distributed child pornography. In the plea agreement, Dodd admitted that he "knowingly and intentionally downloaded [child pornography] from the internet and stored these visual depictions on the hard drive of his computer." It is undisputed that he stored the downloaded material in a LimeWire folder shared with others. One can hypothesize, as defense counsel has vigorously argued, that even a defendant who pleaded guilty to knowing receipt and possession might have no knowledge that his computer was equipped to distribute. But the purpose of a file sharing program is to share, in other words, to distribute. Absent concrete *evidence* of ignorance -- evidence that is needed because ignorance is entirely counterintuitive -- a fact-finder may reasonably infer that the defendant knowingly

employed a file sharing program for its intended purpose.[2]  As the Tenth Circuit said in United States v. Shaffer, 472 F.3d 1219, 1223-24 (10th Cir. 2007):

> We have little difficulty in concluding that Mr. Shaffer distributed child pornography in the sense of having "delivered," "transferred," "dispersed," or "dispensed" it to others.  He may not have actively pushed pornography on Kazaa users, but he freely allowed them access to his computerized stash of images and videos and openly invited them to take, or download, those items.  It is something akin to the owner of a self-serve gas station. The owner may not be present at the station, and there may be no attendant present at all. . . . But the owner has a roadside sign letting all passersby know that, if they choose, they can stop and fill their cars for themselves . . . . So, too, a reasonable jury could find that Mr. Shaffer welcomed people to his computer and was quite happy to let them take child pornography from it.

Second, the district court's ruling is consistent with the plain language of § 2G2.2, which broadly defines the term "distribution" as "any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2, comment. (n.1).  Effective November 1, 2009, the Commission added a clarifying sentence to this definition:  "Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant."

---

[2]In Griffin, we affirmed imposition of the five-level increase for distribution "for the receipt, or the expectation of receipt, of a thing of value."  482 F.3d at 1013. Responding to criticism of Griffin in United States v. Geiner, 498 F.3d 1104, 1111 (10th Cir. 2007), our decisions applying Griffin have made clear that the government must prove that defendant expected to receive a thing of value on a case-by-case basis, but the issue can be proved by circumstantial evidence.  See United States v. Ultsch, 578 F.3d 827, 830 (8th Cir. 2009); United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009), cert. denied, 2010 WL 251487 (U.S. Jan. 25, 2010).  The same analysis applies to the two-level distribution enhancement.

U.S.S.G. Supp. to App. C, Amendment 664, at pp. 49, 60. The Microsoft Computer Dictionary defines "post" as meaning, "To place a file on a server on a network or on a Web site." 5th ed. at 414. "Network" is defined as, "A group of computers . . . connected by communications facilities." Id. at 362. "Server" is defined as, "On the Internet . . . a computer or program that responds to commands from a client." Id. at 474. These definitions confirm that distribution as defined in § 2G2.2 includes operating a file sharing program that enables other participating users to access and download files placed in a shared folder, and then placing child pornography files in that folder.

## II. The Sadistic/Violent Material Enhancement

The child pornography guideline provides for a four-level increase "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.2(b)(4). Citing United States v. Diaz, 368 F.3d 991 (8th Cir. 2004), the PSR recommended imposing this increase because -

> Eight videos depicted minors, some prepubescent, engaged in sexual conduct with adults or other minors. The depicted conduct included, but was not limited to, vaginal sex, anal sex, oral sex, digital penetration, and manual stimulation. Specifically, one of these videos depicted an adult male engaged in vaginal intercourse with a prepubescent female.

The district court overruled Dodd's objection and imposed the increase, finding that a depiction of an adult penetrating a child "in and of itself" constitutes sadistic, masochistic, or violent conduct.

On appeal, Dodd does not deny that one video found on his computer depicted an adult male vaginally penetrating a prepubescent female. Rather, he argues that Diaz did not hold that a depiction of vaginal intercourse between an adult male and a female child qualifies, *per se*, for the § 2G2.2(b)(4) enhancement. Therefore, the

district court committed procedural error by not undertaking a fact-specific analysis to determine if a particular video is "sufficiently painful, coercive, abusive, and degrading" to warrant the increase.  United States v. Parker, 267 F.3d 839, 847 (8th. Cir. 2001) (reversing denial of an increase because of the "violent and depraved nature of the images" in question), cert. denied, 535 U.S. 1011 (2002).

The guideline does not define sadistic, masochistic, or violent conduct.  See U.S.S.G. § 2G2.2, comment. (n.2).  In Diaz, we held that various images "are sadistic or depictions of violence within the meaning of § 2G2.2(b)(3) [now (b)(4)]," describing one of those images as depicting "the sexual penetration of a minor girl by an adult male with his penis."  368 F.3d at 992.  Diaz cited favorably decisions from other circuits holding that images of "adult males engaging in vaginal intercourse with prepubescent females" are sadistic or violent within the meaning of this provision.  United States v. Lyckman, 235 F.3d 234, 237, and cases cited at 238-39 (5th Cir. 2000), cert. denied, 532 U.S. 986 (2001).  In United States v. Belflower, we held "that images of an adult [male] *attempting*" sexual penetration of a minor girl are "sadistic" or "violent" for purposes of § 2G2.2(b)(4).  390 F.3d 560, 562 (8th Cir. 2004) (emphasis in original).  The district court properly applied Diaz and Belflower, which are binding on our panel.  United States v. Alama, 486 F.3d 1062, 1067 (8th Cir. 2007).

For these reasons, we conclude that the district court committed no procedural error in determining Dodd's advisory guidelines sentencing range.  As this is the only issue raised on appeal, the judgment of the district court is affirmed.

_____