12-1620-cr
United States v. Farney

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand thirteen.

PRESENT:   GERARD E. LYNCH,
           RAYMOND J. LOHIER, JR.,
           SUSAN L. CARNEY,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                     *Appellee,*

           v.                                        No. 12-1620-cr

NEIL FARNEY, also known as
Sealed Defendant #1,
                     *Defendant-Appellant.*

_____

APPEARING FOR APPELLANT:        JAMES P. EGAN, Research & Writing Attorney, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, New York.

APPEARING FOR APPELLEE:         BRENDA K. SANNES, Assistant United States Attorney (Lisa M. Fletcher, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction, entered on April 4, 2012, is AFFIRMED.

After waiving indictment on August 9, 2011, Defendant-appellant Neil Farney pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Farney principally to a below-guidelines sentence of 108 months' imprisonment on each count of conviction, to be served concurrently. The district court calculated a guideline range of 151 to 188 months, based in part on two provisions involving distribution of child pornography. See U.S.S.G. § 2G2.2. Under U.S.S.G. § 2G2.2(b)(1), a defendant is entitled to a two-level reduction in the base level offense when the defendant's conduct is limited to the receipt of child pornography and the defendant did not intend to distribute the material. The district court declined to apply this reduction, and did apply a two-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(F) for distribution of child pornography. Both rulings were based principally on Farney's use of the peer-to-peer file-sharing programs LimeWire and FrostWire. We assume the parties' familiarity with the remaining facts, procedural developments, and specification of issues on appeal, which we reference only as necessary to explain our decision.

Farney challenges the district court's guideline calculation, and thus the procedural reasonableness of his sentence, arguing that there was insufficient evidence to demonstrate that he knowingly distributed child pornography. Specifically, Farney contends that because he was not proven to have actually distributed or attempted to distribute child pornography, his conduct could amount to distribution under U.S.S.G. § 2G2.2 only if he possessed child pornography with the intent to distribute or was found to have knowingly "post[ed] material involving the sexual exploitation of a minor on a website for public viewing." U.S.S.G. § 2G2.2, note 1.

"We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard." United States v. Hernandez, 604 F.3d 48, 52 (2d Cir. 2010). This review "encompasses two components: procedural review and substantive review." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court commits procedural error when it fails to properly calculate the guideline range or rests its finding on a clearly erroneous finding of fact. Id. at 190.

We "review the sentencing court's interpretation of the Sentencing Guidelines *de novo*, but review its related findings of fact only for clear error." United States v. Potes-Castillo, 638 F.3d 106, 108 (2d Cir. 2011). Under the clear error standard, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985). The district court is required to find the

facts relevant to a sentencing enhancement by a preponderance of the evidence. See

United States v. Hertular, 562 F.3d 433, 447 (2d Cir. 2009).

We assume without deciding that some degree of knowledge is required to support

a distribution enhancement under U.S.S.G. § 2G2.2. As even Farney concedes, however,

knowingly placing child pornography files in a shared folder on a peer-to-peer file-

sharing network constitutes distribution under U.S.S.G § 2G2.2, even if no one actually

obtains an image from the folder. See, e.g., United States v. Layton, 564 F.3d 330, 335

(4th Cir. 2009) (holding that knowingly making child pornography "available for others

to access and download [falls] within the plain meaning of 'distribution'"), quoting

United States v. Carani, 492 F.3d 867, 876 (7th Cir. 2007). Cf. United States v. Dodd,

598 F.3d 449, 452 (8th Cir. 2010) ("Absent concrete *evidence* of ignorance – evidence

that is needed because ignorance is entirely counterintutive – a fact-finder may reasonably

infer that the defendant knowingly employed a file sharing program for its intended

purpose.") (emphasis retained).

We need not resolve in this case whether application of the distribution

enhancement requires that the government prove the defendant's specific knowledge of

the file-sharing attributes of the software used. Cf. United States v. Ray,704 F.3d 1307,

1311-12 (10th Cir. 2013) ("We now hold that § 2G2.2(b)(3)(F) does not require that a

defendant know about the distribution capability of the program he is using to view child

pornography."). Assuming that knowledge is required, the district court's application of

the distribution provisions was appropriate because the district court found that Farney

*did* have such knowledge:

> The Court would point to the fact that, first of all, the very nature of the peer-to-peer file sharing programs that this defendant was using; the fact that he had multiple computers; the fact that, not only does he use LimeWire, he used FrostWire; the fact that he on LimeWire was sharing files and on FrostWire there was an indication that he was not sharing some files; the fact that he moved files to an external hard drive. The Court believes there is sufficient evidence to suggest knowledge of the fact that he would be sharing, not just receiving, the child pornography that he was viewing – or at least an intention to share some of that material, based on the evidence that has been put before this court.

App'x 154-55.

Farney has failed to identify any clear error in these findings. While a district court might not be required to find knowledge based on these facts, it was surely permissible for a fact-finder to infer from the facts cited by the district court that it was more likely than not that Farney had actual knowledge of the purpose and functions of the file-sharing programs he installed on his computer. We therefore cannot conclude that there was any error in the district court's application of the guidelines provisions related to distribution of child pornography.

We have considered Farney's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court