13-163-cr (L)
*United States v. Baldwin*

# In the

# United States Court of Appeals

## For the Second Circuit

———

AUGUST TERM 2013
Nos. 13-163-cr (Lead) 13-335-cr (Con)

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

DENNIS WAYNE BALDWIN,
*Defendant-Appellant.*

———

Appeal from the United States District Court
for the District of Vermont.
Nos. 2:12-cr-32-1, 2:12-cr-33-1 — William K. Sessions, III, *Judge.*

———

ARGUED: DECEMBER 11, 2013
DECIDED: FEBRUARY 21, 2014

———

Before: CABRANES, SACK, and LYNCH, *Circuit Judges.*

———

Defendant Dennis Wayne Baldwin appeals the judgment of the District Court sentencing him principally to 87 months'

imprisonment after he pleaded guilty, pursuant to a plea agreement, to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The only issue on appeal is whether a finding of knowledge is required to impose the two-level enhancement for distribution of child pornography under § 2G2.2(b)(3)(F) of the United States Sentencing Commission Guidelines. We conclude that it is required.

Accordingly, we **VACATE** the sentence imposed by the District Court and **REMAND** the cause for resentencing consistent with this opinion.

————

> STEVEN L. BARTH, Assistant Federal Public Defender, *for* Michael L. Desautels, Federal Public Defender, Burlington, VT, *for Appellant Dennis Wayne Baldwin*.
>
> NANCY J. CRESWELL (Gregory L. Waples, *on the brief*) Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT, *for Appellee United States of America*.

————

PER CURIAM:

Defendant Dennis Wayne Baldwin appeals the judgment of the District Court sentencing him principally to 87 months' imprisonment after he pleaded guilty, pursuant to a plea agreement, to possession of child pornography, in violation of 18 U.S.C.

§ 2252(a)(4)(B), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The only issue on appeal is whether a finding of knowledge is required to impose the two-level enhancement for distribution of child pornography under § 2G2.2(b)(3)(F) of the United States Sentencing Commission Guidelines ("Guidelines").  We conclude that it is required.

## BACKGROUND

On February 28, 2012, Baldwin was arrested by agents of the Department of Homeland Security ("DHS") on suspicion of possession of child pornography and unlawful possession of firearms.  At that time, he waived his Miranda rights and spoke freely with the federal agents.  As relevant here, he admitted to possessing and searching for child pornography, and to using peer-to-peer ("P2P") file-sharing software to do so.  He also stated that "as far as he knew, he did not share files, and that they are only for his viewing."

On August 22, 2012, Baldwin pleaded guilty before the District Court to the charges of possessing child pornography and being a felon in possession of a firearm.

In its Pre-Sentence Report ("PSR"), the United States Probation Office ("Probation Office") recommended a two-level enhancement for distribution of child pornography pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2(b)(3)(F).[1]

---

[1] U.S.S.G. § 2G2.2(b)(3) provides:

In the PSR, the Probation Office took the position that "just as the defendant knew he could access and download shared files via [the P2P programs], there is a preponderance of the evidence to establish that he also knew his files were available for others to do the same." **Id.** Baldwin objected to the enhancement on the ground that he did not have the requisite *mens rea*—namely, the knowledge that he was sharing child pornography.

On January 7, 2013, the District Court held a sentencing hearing. Baldwin again objected to the imposition of the § 2G2.2(b)(3)(F) enhancement without a finding of knowing distribution. As to knowledge, Judge Sessions stated the following:

---

(3) (Apply the greatest) If the offense involved:

(A) Distribution for pecuniary gain, increase by the number of levels from the table in § 2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the retail value of the material, but by not less than 5 levels.

(B) Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels.

(C) Distribution to a minor, increase by 5 levels.

(D) Distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity, other than illegal activity covered under subdivision (E), increase by 6 levels.

(E) Distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by 7 levels.

(F) Distribution other than distribution described in subdivisions (A) through (E), increase by 2 levels.

The District Court here applied the enhancement described in subsection F.

> [Baldwin] has indicated that he did not know that those particular pieces of software would permit others to actually take images from his possession into their own [possession].  And that may or may not be the case, or it may be that at the time of the arrest—and he certainly was candid with law enforcement in general—he didn't know that in fact those images could be shared from his computer.
>
> But it seems to me that this is a situation in which he had a level of expertise, and he should very well have known that when you have a peer-to-peer sharing software system, that that means that you can get images from others and they can get images from you. It's almost self-evident at that particular point.

Joint App'x 143.  The District Court thereafter applied the enhancement for distribution, resulting in a Guidelines range of 87 to 108 months' imprisonment, and imposed a sentence of 87 months on both charges, to run concurrently.

## DISCUSSION

Baldwin argues on appeal that the District Court erred in applying the two-level enhancement for distribution.  "We review *de novo* all questions of law relating to the [D]istrict [C]ourt's application of a federal sentence enhancement," *United States v. Simard*, 731 F.3d 156, 161 (2d Cir. 2013) (internal quotations omitted), and we review the District Court's findings of fact supporting its legal conclusions for clear error, *see United States v. Hertular*, 562 F.3d

433, 449 (2d Cir. 2009). In the circumstances presented here, we conclude that the District Court erred in imposing the enhancement.

Section 2G2.2(b)(3)(F) provides for a two-level enhancement where the child pornography offense involves "simple distribution" (*i.e.*, not distribution for pecuniary gain, to a minor, and so on, each of which leads to a greater enhancement). The Sentencing Commission commentary accompanying U.S.S.G. § 2G2.2 clarifies that "distribution" means

> any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

U.S.S.G. § 2G2.2 cmt. n.1.

Recently, in a non-precedential summary order, "[w]e assume[d] without deciding that some degree of knowledge is required to support a distribution enhancement under U.S.S.G. § 2G2.2." *United States v. Farney*, 513 F. App'x 114, 116 (2d Cir. 2013). In *United States v. Reingold*, we held that this enhancement applies when a defendant "*knowingly* plac[es] child pornography files in a shared folder on a peer-to-peer file-sharing network . . . even if no one actually obtains an image from the folder." 731 F.3d 204, 229 (2d Cir. 2013) (emphasis added) (quoting *Farney*, 513 F. App'x at 116).

We further clarified that "it applies without regard to whether the defendant's primary purpose in placing child pornography files in a file-sharing program was to receive or to distribute child pornography." *Id.* at 230.

A later non-precedential summary order, relying on *Reingold*, concluded that there was indeed a knowledge requirement for § 2G2.2(b)(3)(F) to apply. *United States v. Reed*, --- F. App'x ----, 2013 WL 5976374, at *1 (2d Cir. Nov. 12, 2013).

We write today to clarify the meaning of the "knowledge" requirement indicated in *Reingold*. We hold that, although the defendant's *intent* is irrelevant for an enhancement under § 2G2.2(b)(3)(F), a district court must find that a defendant *knew* that his use of P2P software would make child-pornography files accessible to other users. *See Reingold*, 731 F.3d at 229–30 (collecting cases from our sister circuits, each requiring knowing distribution).[2] This requirement is consistent with our previous admonition that § 2G2.2 "is fundamentally different from most [Guideline provisions] and that, unless applied with great care, [it] can lead to

---

[2] We do not foreclose a finding of knowledge on the basis that a defendant was willfully ignorant as to how a P2P file-sharing program operated. *Cf. United States v. Svoboda*, 347 F.3d 471, 477–78 (2d Cir. 2003) ("The conscious avoidance doctrine provides that a defendant's knowledge of a fact required to prove the defendant's guilt may be found when the jury is persuaded that the defendant consciously avoided learning that fact while aware of a high probability of its existence. In such circumstances, a conscious avoidance instruction to the jury permits a finding of knowledge even where there is no evidence that the defendant possessed actual knowledge." (internal quotation marks and citations omitted)).

unreasonable sentences that are inconsistent with what [the sentencing factors in 18 U.S.C.] § 3553 require[]." *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010).

The Government contends that the District Court here did make the requisite finding of knowing distribution. We disagree. The District Court here found that Baldwin *should have known* that his files containing child pornography would be shared, but expressly declined to find that he *in fact knew*. It noted that it is "almost self-evident" that distribution would take place through the P2P software, but it did not expressly find whether Baldwin had known that in fact those images could be shared from his computer. Although the District Court noted that the record contains evidence that Baldwin may have had some expertise with computers, arguably supporting an inference that Baldwin knew he was distributing files, the District Court made no such finding. Rather, it found only that he "should very well have known." Joint App'x 143. That statement does not constitute a finding of *knowing* distribution.

Because the District Court did not make the independent finding of knowledge necessary to apply the § 2G2.2(b)(3)(F) distribution enhancement, we are required to vacate the sentence and remand the cause for further proceedings. *See United States v. Scotti*, 47 F.3d 1237, 1251–52 (2d Cir. 1995). We do not, of course, preclude Judge Sessions from making a finding of knowledge on remand, and do not intimate a view as to whether such a finding is warranted on the record of this case.

Finally, the Government argues that even if the District Court incorrectly applied the § 2G2.2(b)(3)(F) enhancement, the error was harmless. "Where we identify procedural error in a sentence, but the record indicates clearly that 'the district court would have imposed the same sentence' in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (quoting *United States v. Cavera*, 550 F.3d 180, 197 (2d Cir. 2008) (*en banc*)).

The Government bases its harmless-error argument on the fact that the District Court declined to impose the "use of a computer" enhancement under U.S.S.G. § 2G2.2(b)(6) in order to avoid "double counting" under the Guidelines. According to the Government, had the District Court not applied the two-level distribution enhancement, it clearly would have imposed the two-level computer-use enhancement instead, resulting in an identical Guidelines range.

We disagree. The District Court expressly stated that it found the computer-use enhancement duplicative of "all of the other enhancements," not just § 2G2.2(b)(3)(F). Joint App'x 126. It then went on to impose a sentence at the very bottom of the applicable Guidelines range, which strongly suggests that, without the distribution enhancement, Baldwin's sentence might have been lower. Under these circumstances, we cannot conclude that this sentencing error was harmless.

## CONCLUSION

To summarize, we hold that:

(1) Under *Reingold*, although a defendant's *intent* is irrelevant for the enhancement under § 2G2.2(b)(3)(F), a defendant must *know* that his actions, such as the use of P2P software, will make the child-pornography files accessible to other users.

(2) The District Court's finding that Baldwin *should have known* that his files containing child pornography would be shared falls short of the required finding of *knowing* distribution.

(3) The sentencing error was not harmless in light of the District Court's statement that the computer-use enhancement was duplicative of "all of the other enhancements," and in light of its imposition of a sentence at the very bottom of the applicable Guidelines range.

For the reasons set out above, we **VACATE** the sentence and **REMAND** the cause for resentencing consistent with this Opinion.