11-2958-cr
*United States v. Green*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand fourteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                        No. 11-2958-cr

MONTAQUE GREEN, AKA Q, AKA U,

> *Defendant-Appellant.*

---

**FOR APPELLEE:**               NICOLE BOECKMANN (Peter A. Norling, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**   JOSEPH W. RYAN, JR., Mellville Law Center, Mellville, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the sentence imposed by the District Court is **VACATED** and the case is

**REMANDED** for resentencing consistent with this order.

Defendant-Appellant Montaque Green ("Green") pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii). The District Court sentenced Green principally to 120 months' imprisonment. Green appeals his sentence, arguing that the District Court erred at his sentencing by not applying the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012) (holding that the FSA applies to sentencing proceedings occurring after August 3, 2010). The government concedes that the District Court erred, but maintains that the error was harmless.

Under the Anti-Drug Abuse Act of 1986, an offender like Green—who conspired to sell more than 50 grams of cocaine base—potentially faced a mandatory minimum of ten years' incarceration. 21 U.S.C. §§ 841, 846 (2006). The FSA reduced from ten to five years the mandatory minimum sentence for offenses involving between 28 and 280 grams of cocaine base. 21 U.S.C. § 841(b)(1)(B)(iii) (2012). The government and Green agree that, because Green was sentenced on May 31, 2011—after the FSA's August 3, 2010 effective date—the FSA affects any mandatory minimum sentence that might have applied. *See Dorsey*, 132 S. Ct. at 2335. Both parties also agree, however, that under the circumstances presented here, the District Court was not bound by any mandatory minimum provisions.

When we identify a procedural error in sentencing, we may deem the error harmless if "the record indicates clearly that the district court would have imposed the same sentence in any event." *United States v. Baldwin*, -- F.3d --, 2014 WL 657949, at *3 (2d Cir. Feb. 21, 2014) (internal quotation marks omitted); *see also United States v. Sanchez*, 517 F.3d 651, 665 (2d Cir. 2008); Fed. R. Crim. P.

52(a).  Here, we cannot comfortably conclude that the District Court's error (as *Dorsey* later held it to be) did not affect the sentence the court imposed.  At sentencing, the court expressly adopted the Probation Department's presentence report, which advised that "[t]he minimum term of imprisonment is 10 years and the maximum is life."  The court also acknowledged the Probation Department's separately delivered sentencing recommendation of ten years' incarceration, which the Probation Department described as "the statutory minimum, and . . . viewed as appropriate in meeting the need for punishment and deterrence."  Additionally, in their presentencing submissions to the court, both defense counsel and the government referred to the "mandatory minimum" term of ten years' imprisonment and, during sentencing, the government mentioned that a ten-year term was the "mandatory minimum."

It is true that the District Court acknowledged at sentencing that the mandatory minimum was inapplicable and commented, among other things, that the ten-year sentence was "sufficient, no more than necessary, in meeting" the goals of 18 U.S.C. § 3553(a).  But on this record as a whole, we cannot be confident that the District Court would have imposed the same ten-year sentence had it (as well as the Probation Department and counsel) correctly recognized the FSA's five-year mandatory minimum.  Accordingly, we remand this case to the District Court for resentencing.

### CONCLUSION

For the reasons stated above, we **VACATE** the sentence imposed and **REMAND** the case to the District Court for resentencing.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3