14-4737-cr
United States v. Forrest

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand sixteen.

PRESENT:   REENA RAGGI,
                      DENNY CHIN,
                      CHRISTOPHER F. DRONEY,
                                  *Circuit Judges*.
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                                  *Appellee*,


                      v.                                                     No. 14-4737-cr

MICHAEL FORREST,
                                  *Defendant-Appellant*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:        ROBERT A. CULP, Law Office of Robert A. Culp, Garrison, New York.

APPEARING FOR APPELLEE:         RAJIT S. DOSANJH, Assistant United States Attorney (Tamara B. Thomson, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment entered on December 18, 2014, is AFFIRMED.

Defendant Michael Forrest, who stands convicted after a guilty plea of distribution of child pornography, see 18 U.S.C. §§ 2252A(a)(2)(A), -(b)(1), 2256(8)(A), appeals his 151-month low-end Guidelines sentence as procedurally and substantively unreasonable. We apply "a particularly deferential form of abuse-of-discretion review" to such claims. United States v. Cavera, 550 F.3d 180, 187–88 & n.5 (2d Cir. 2008) (en banc); accord United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Reasonableness

Forrest argues that the district court committed procedural error in calculating his Guidelines range, see United States v. Cavera, 550 F.3d at 190 (stating that district court errs procedurally by making mistake in Guidelines calculation), by applying a two-level Guidelines enhancement for distribution, see U.S.S.G. § 2G2.2(b)(3)(F), in the absence of evidence that he knew his use of peer-to-peer software allowed others to access his files, see United States v. Baldwin, 743 F.3d 357, 361 (2d Cir. 2014). The claim merits little discussion because unlike the defendant in Baldwin, who was convicted of "mere" possession, see id. at 359, Forrest pleaded guilty to the knowing distribution of child

2

pornography, and admitted that he "knowingly distributed or attempted to distribute visual depictions of a minor or minors engaging in sexually explicit conduct," in both his written plea agreement, see Def.'s App'x ("D.A.") 23, and in his allocution before the district court, see id. at 47, 51.[1] While Forrest disputes the district court's interpretation of his admission that he stored images in a folder that "allowed" them to be downloaded by others, see id. at 117–18, this does not establish clear error. See United States v. Salim, 549 F.3d 67, 74 (2d Cir. 2008) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). Nor, having reviewed the record, are we left with a "definite and firm conviction" that the district court committed a mistake in finding it more likely than not that Forrest knew his files were accessible to other users of the peer-to-peer software. United States v. Cramer, 777 F.3d 597, 601 (2d Cir. 2015) (internal quotation marks omitted).[2] Thus, Forrest's challenge to the § 2G2.2(b)(3)(F) enhancement fails on the merits.

---

[1] Although Forrest—now represented by different counsel—suggests that he never should have pleaded guilty to distribution, when this "was at most a receipt of pornography case," Appellant's Br. 33, he does not challenge the sufficiency of his plea allocution or the district court's findings in accepting his plea. Consequently, we deem any challenge to the plea itself forfeited. See United States v. Reingold, 731 F.3d 204, 209 n.7 (2d Cir. 2013).

[2] Whether Forrest "actually" distributed child pornography is irrelevant. See United States v. Reingold, 731 F.3d at 229 ("[K]nowingly placing child pornography files in a shared folder on a peer-to-peer file-sharing network constitutes distribution under U.S.S.G. § 2G2.2, even if no one actually obtains an image from the folder." (internal quotation marks omitted)).

Forrest also faults the district court for failing adequately to explain its decision to impose a within-Guidelines sentence on remand when it had imposed a below-Guidelines sentence at his original sentencing. See 18 U.S.C. § 3553(c) (requiring district court to "state in open court the reasons for its imposition of the particular sentence"). We begin with two observations. First, the district court cannot presume that a Guidelines sentence is reasonable but, rather, must itself decide on the sentence warranted upon consideration of all § 3553(a) factors. See United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008). Second, the Guidelines range (erroneously) identified at Forrest's original sentencing—210 to 240 months—was considerably higher than the range identified on remand—151 to 188 months. Thus, there is no obvious inconsistency in a district court conclusion, upon full § 3553(a) review, that a within-Guidelines sentence was too harsh in the first range but not in the second. Indeed, the Guidelines sentence imposed on remand is 29 months less than the original below-Guidelines sentence.

With Forrest's sentence thus placed in context, we identify no reason to depart from our holding that district courts need not "make specific responses to points argued by counsel in connection with sentencing." United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010). Section 3553(c) requires only that a district court consider the parties' arguments and have a reasoned basis for exercising its decisionmaking authority. See United States v. Cavera, 550 F.3d at 193. These requirements were clearly satisfied on the record. See D.A. 116–20. Moreover, the district court acknowledged (1) that Forrest's health had deteriorated since his original sentencing, and (2) that it had considered United States v. Dorvee, 616 F.3d 174, 188 (2d Cir. 2010), and United States

v. Tutty, 612 F.3d 128, 133 (2d Cir. 2010), which require careful application of the Guidelines in child pornography cases. See D.A. 119. That it did not explicitly compare the length of Forrest's sentences before and after remand does not manifest the lack of a "reasoned basis" for the sentence.

Accordingly, we identify no procedural error in the challenged sentence.[3]

2.      Substantive Reasonableness

Forrest contends that because the district court mentioned Dorvee and Tutty in originally sentencing him to a below-Guidelines term, it made "no sense" to impose a within-Guidelines term upon remand, particularly in light of his deteriorating health. Appellant's Br. 36; Appellant's Reply 9. Insofar as Forrest construes Dorvee and Tutty to establish a presumption of unreasonableness with respect to Guidelines sentences for child pornography offenses, this view is foreclosed by precedent. See United States v. Salim, 690 F.3d 115, 126 (2d Cir. 2012) (discussing Dorvee and stating that "[w]e have never held that a district court is required to reject an applicable Guideline").

Nor can Forrest argue that the district court was required to assign the same weight to a 151-to-188-month Guidelines range as to a 210-to-240-month range. The Guidelines "are only one of the factors to consider when imposing sentence" under § 3553(a), Gall v. United States, 552 U.S. 38, 59 (2007), and the weight to be afforded these factors is a "matter firmly committed to the discretion of the sentencing judge," United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006). Because the district court

_____

[3] We, therefore, need not decide whether Forrest was entitled only to plain error review as a result of his failure to object to the district court's statement of reasons at sentencing.

5

was entitled to conclude that a lower Guidelines range more closely adhered to § 3553(a)'s sentencing goals, Forrest cannot demonstrate an abuse of the district court's broad discretion. See generally United States v. Jones, 531 F.3d at 174 (noting that "in the great majority of cases, a range of sentences—frequently extending well beyond the narrow ranges prescribed by the Guidelines—must be considered reasonable").

The district court specifically noted the seriousness of Forrest's offense, see 18 U.S.C. § 3553(a)(2)(A), which—as Forrest admitted—involved the possession of 121 child-pornography videos, including depictions of prepubescent children and the sadistic or masochistic abuse of a young child. The court also considered Forrest's personal history and characteristics, see id. § 3553(a)(1), including (1) his admission to collecting child pornography for approximately seventeen years, and (2) his view that "all roads led to porn in some fashion particularly among . . . networks used for peer to peer downloads." PSR ¶ 14. In underscoring the need to protect the public, see id. § 3553(a)(2)(C), the court explained that Forrest's conduct had "fueled the market for child pornography" and perpetuated the victimization of abused children, D.A. 119, an observation that—in the context of sharing files online—is not rendered an abuse of discretion by Forrest's argument that the government proved no "actual acts" of distribution, Appellant's Br. 36–37.

Under these circumstances, Forrest cannot demonstrate that the 151-month sentence was so "shockingly high . . . or otherwise unsupportable as a matter of law" that allowing it to stand would "damage the administration of justice." United States v.

Rigas, 583 F.3d 108, 123 (2d Cir. 2009).   We therefore reject his claim of substantive

error as meritless.

3.     Conclusion

We have considered Forrest's remaining arguments, and we conclude that they are

without merit.    Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court