**UNITED STATES of America**
**Plaintiff-Appellee**

v.

**Chris Allan NORDIN Defendant-**
**Appellant**

**No. 16-4310**

United States Court of Appeals,
Eighth Circuit.

Submitted: September 18, 2017

Filed: November 17, 2017

Craig Peyton Gaumer, Assistant U.S. Attorney, U.S. Attorney's Office, Des Moines, IA, Maureen McGuire, Assistant U.S. Attorney, for Plaintiff-Appellee

Nova D. Janssen, Federal Public Defender's Office, Southern District of Iowa, Des Moines, IA, for Defendant-Appellant

Chris Allan Nordin, Pro Se

Before SMITH, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

PER CURIAM.

Chris Allan Nordin pleaded guilty to possession of child pornography, *see* 18 U.S.C. § 2252(a)(4)(B), and now appeals his below-guidelines sentence of five years' incarceration and five years' supervised

---

1. The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

release. In calculating the guidelines range of 97 to 121 months, the district court[1] applied a two-level enhancement under United States Sentencing Guideline ("U.S.S.G.") § 2G2.2(b)(3)(F) (2016). That enhancement applies if, subject to exceptions not relevant here, "the defendant knowingly engaged in distribution" of child pornography. Nordin argues that the district court erred in applying the enhancement. Because the applicability of the enhancement presents a "fact-intensive inquiry," the "issue is whether the district court clearly erred in finding by a preponderance of the evidence" that Nordin knowingly distributed child pornography. See United States v. Dodd, 598 F.3d 449, 451 (8th Cir. 2010); see also United States v. Robinson, 714 F.3d 466, 469 (7th Cir. 2013).

Nordin accessed the child pornography from multiple peer-to-peer filing-sharing programs. These programs "allow internet users to share files on their computers with others utilizing the same program. A user can obtain files from other users' computers and allow other users to obtain files from his/her computer." Dodd, 598 F.3d at 451. When a user places a file in the program's "shared" folder, other users can access it. Id.

In this case, Nordin saved child pornography in the shared folder of the file-sharing program Ares, and other users accessed it. Because "distribution" refers to "any act ... related to the transfer of material involving the sexual exploitation of a minor" and includes "posting material ... on a website for public viewing," U.S.S.G. § 2G2.2 cmt. n.1, we have upheld distribution enhancements in circumstances similar to Nordin's. See, e.g., Dodd,

598 F.3d at 451-453; United States v. Estey, 595 F.3d 836, 843-44 (8th Cir. 2010).

Likely for this reason, Nordin focuses solely on the scienter requirement of § 2G2.2(b)(3)(F). In particular, he argues that the district court erred in concluding that he knowingly distributed child pornography. As evidence for his lack of knowledge, he notes that he denied sharing child pornography when confronted by law enforcement. Yet despite this denial, the undisputed facts supporting the district court's conclusion included the following: (1) Nordin had used at least four file-sharing programs over at least five years; (2) Nordin admitted that he was the primary user of the internet in his household and previously had attempted to "wipe" his hard drive of incriminating materials; (3) Nordin described his computer skills as "intermediate"; and (4) Nordin possessed hundreds of files depicting child pornography, many of which were saved in the shared folder of his file-sharing program, allowing others to access them. Based on these facts, the district court did not clearly err in concluding that Nordin knowingly engaged in an act "related to the transfer of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2 cmt. n.1.

Nordin also alleges that the district court committed legal error. He points out that the Sentencing Commission, in an amendment effective a few weeks before his sentencing, added the word "knowingly" to § 2G2.2(b)(3)(F). See Sentencing Guidelines for United States Courts, 81 FR 2295-02, 2306 (2016) (describing the amendment). Before the amendment, the enhancement contained no express scienter requirement. Nordin argues that the district court gave short shrift to the amendment and erroneously applied stan-

---

1. The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

dards from our pre-amendment decisions. Those cases, some cited above, allow a fact-finder to "infer that the defendant knowingly employed a file sharing program for its intended purpose," absent "concrete evidence of ignorance." *Dodd*, 598 F.3d at 452 (emphasis omitted). The Government responds that because those cases provide an evidentiary standard for proving knowledge, rather than an altogether different scienter requirement, the standard survives the 2016 amendment.

We need not resolve this dispute. Nothing suggests that the district court inferred knowledge based on the fact of the program's use alone. By his own admission, Nordin had "intermediate" computer skills. He used that device to transfer files depicting child pornography. Based on those facts and the others described above, it was not clear error for the district court to conclude that Nordin knowingly distributed child pornography.

Accordingly, we affirm the district court's sentence.