# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1906
_____

United States of America,

*Plaintiff - Appellee,*

v.

Justin Stephen Martinez,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: April 13, 2020
Filed: July 31, 2020

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Justin Martinez pleaded guilty to knowingly receiving a visual depiction of a minor engaging in sexually explicit conduct. *See* 18 U.S.C. § 2252(a)(2), (b)(1). The district court[1] determined an advisory sentencing guideline range of 292 to 365

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

months' imprisonment, and sentenced Martinez to a term of 330 months. Martinez appeals, arguing that the district court committed procedural error when it applied a two-level increase for a defendant who "knowingly engaged in distribution" of material involving sexual exploitation of a minor. USSG § 2G2.2(b)(3)(F). We conclude that the court made an express finding of knowledge that was supported by sufficient evidence to meet the government's burden of proof, so there was no error in applying the increase. We therefore affirm the judgment.

Between June 2017 and April 2018, investigators downloaded approximately 1,000 files containing child pornography from internet protocol addresses that were associated with Martinez. In April 2018, officers executed a search warrant at Martinez's residence and seized a laptop computer, a cellular telephone, and a thumb drive. Investigators found several files containing child pornography on the thumb drive. Forensic analysis located a peer-to-peer file-sharing program called BitTorrent on the laptop and cell phone, but found no child pornography on those devices.

Martinez admitted that he used the BitTorrent file-sharing program on his laptop and cell phone to download child pornography. He explained that he used the images for sexual gratification, but then deleted them—some after several minutes, others after several hours. Martinez said that he was careful to delete images from the shared folder within the file-sharing program, because he knew that the file-sharing system was capable of sharing the images, and he wanted to prevent others from accessing the files.

A grand jury charged Martinez in a five-count indictment, and he pleaded guilty to one count of knowingly receiving a visual depiction of a minor engaging in sexually explicit conduct. At sentencing, he objected to the two-level increase under USSG § 2G2.2(b)(3)(F) for a defendant who knowingly engaged in distribution. Martinez maintained that he was attempting not to share the files that he downloaded, and therefore did not "knowingly" engage in distribution. The court applied the

-2-

increase because Martinez "knew the characteristics of the BitTorrent program" and was "fully aware of its capabilities." We review a district court's application of the guidelines *de novo* and its factual findings for clear error. *United States v. Grimes*, 888 F.3d 1012, 1017 (8th Cir. 2018).

On appeal, Martinez argues that the district court erred in applying the two-level increase. Section 2G2.2(b)(3)(F) provides for a two-level enhancement "[i]f the defendant knowingly engaged in distribution" of child pornography. USSG § 2G2.2(b)(3)(F). A defendant "knowingly" engages in distribution if the defendant "knowingly committed the distribution." USSG § 2G2.2, comment. (n.2). "Distribution" means "any act . . . related to the transfer of material involving the sexual exploitation of a minor." USSG § 2G2.2, comment. (n.1).

The district court made an express finding of knowledge sufficient to support the two-level increase. The court found that Martinez "knew the characteristics of the BitTorrent program" and "was fully aware of its capabilities." This finding is supported by the record. Martinez admitted that he downloaded files through the BitTorrent program and knew that the program allowed others to access files that he placed into the shared folder. That he attempted to delete files from the shared folder to avoid sharing does not defeat the finding. Even if Martinez sought to limit distribution, his admissions show that he knew the files were amenable to sharing before he deleted them. *See United States v. Cates*, 897 F.3d 349, 358-59 (1st Cir. 2018). That investigators downloaded hundreds of files from Martinez's shared folder established that the images were in fact distributed.

Martinez asserts that the district court's ruling was premised on a legal error because the court at one point said that the two-level increase applies "absent concrete evidence of ignorance." The quoted phrase comes from *United States v. Dodd*, 598 F.3d 449, 452 (8th Cir. 2010), which reasoned under a former version of the guideline that "[a]bsent concrete *evidence* of ignorance—evidence that is needed

because ignorance is entirely counterintuitive—a fact-finder may reasonably infer that the defendant knowingly employed a file sharing program for its intended purpose." *Id*. at 452. At that time, the increase applied if an offense "involved . . . [d]istribution," USSG § 2G2.2(b)(3)(F) (2009), with "distribution" defined as "any act . . . related to the transfer of material involving the sexual exploitation of a minor." *Id*., comment. (n.1).

Effective November 1, 2016, the Sentencing Commission amended the guideline to add an express scienter requirement of knowledge. USSG Supp. to App. C, Amend. 801, at 144-45 (2016). The Commission stated that the amendment "generally adopt[ed]" the approach of three circuits that "require[d] a showing that the defendant knew of the file-sharing properties of the program." *Id*. The Commission contrasted the approach of these three circuits with the rule of *Dodd* that "knowledge may be inferred from the fact that a file-sharing program was used, absent 'concrete evidence' of ignorance," but did not address whether the *Dodd* inference was reasonable or sufficient. *Id*. Martinez argues that the guideline amendment rejected *Dodd*, and that the district court thus applied an incorrect legal standard by requiring him to produce "concrete evidence of ignorance." This court previously deemed it unnecessary to decide whether the *Dodd* formulation is consistent with the amended guideline. *United States v. Nordin*, 701 F. App'x 545, 547 (8th Cir. 2017) (per curiam).

The important point for present purposes is that the government bears the burden to prove by a preponderance of the evidence that the defendant knowingly engaged in distribution. *See United States v. Smith*, 910 F.3d 1047, 1056 (8th Cir. 2018). We need not address whether evidence that a file-sharing program was used is sufficient by itself to support an inference that the defendant had the requisite knowledge. Although the district court recited language from *Dodd*, the court's finding relied on direct evidence of knowledge beyond the simple fact that files were transferred through a file-sharing program. Based on Martinez's admissions, the

court found not only that Martinez used the BitTorrent file-sharing program, but also that he knew of its characteristics and its capabilities. On that basis, the court found that Martinez knowingly engaged in distribution. The court did not shift the burden of proof to Martinez, and the evidence cited was sufficient to satisfy the government's burden. There was thus no legal error.

The judgment of the district court is affirmed.

_____