# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1741
_____

United States of America

*Plaintiff - Appellee*

v.

Gordon Grabau

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa
_____

Submitted: November 17, 2023
Filed: January 3, 2024
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Gordon Grabau pled guilty to one count of receiving child pornography under 18 U.S.C. § 2252(a)(2) and (b)(1). The district court[1] sentenced him to 144 months of imprisonment and five years of supervised release. Grabau appeals his sentence,

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

arguing the district court erred when it applied a two-level enhancement under the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") because Grabau knowingly engaged in *distributing* child pornography. Reviewing the district court's "application of the Guidelines to the facts de novo" and "factual findings . . . for clear error," *United States v. Berry*, 930 F.3d 997, 999 (8th Cir. 2019), we affirm.

In April 2021, Federal Bureau of Investigation investigators—using the peer-to-peer file sharing program BitTorrent—gathered 50 gigabytes of child pornography from an IP address belonging to Grabau. Law enforcement later searched Grabau's home, finding 100 digital storage devices, including five that contained child pornography. Across those five devices, Grabau possessed over 168,000 files of child pornography, which he had collected over six years. Grabau pled guilty to receiving child pornography.

At sentencing, Grabau objected to the district court applying the two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) for knowingly distributing child pornography. Recognizing the government's burden, the district court conceded it was a "close call," but concluded the government proved Grabau knowingly distributed child pornography. The district court cited Grabau's long-time use of the BitTorrent software and his voluminous pornography stash. The district court also emphasized Grabau's demonstrated knowledge of computers and software, revealed by his large collection of digital devices and his employment as a field technician for a company that assists other businesses with technology issues.

"[T]he government bears the burden to prove by a preponderance of the evidence that the defendant knowingly engaged in distribution." *United States v. Martinez*, 970 F.3d 986, 989 (8th Cir. 2020). As the defendant did in *Martinez*, *see id.* at 988, Grabau argues the 2016 amendment to the Guidelines—which added the "knowingly" scienter requirement to the enhancement—abrogated our opinion in *United States v. Dodd*, 598 F.3d 449 (8th Cir. 2010). That opinion reasoned, "a fact-finder may reasonably infer that the defendant knowingly employed a file sharing

-2-

program for its intended purpose"—that is, to share files—unless the defendant provides "concrete *evidence* of ignorance." *Id.* at 452. Thus, if the *Dodd* framework were abrogated, then the government needs to present "direct evidence of [Grabau's] knowledge beyond the simple fact that files were transferred through a file-sharing program." *Martinez*, 970 F.3d at 989. Grabau argues the government lacked such evidence.

There may be merit to the argument that *Dodd* should be disregarded. In the 2016 amendment, the Sentencing Commission adopted the approach of three circuit courts who required the government to show that a defendant knowingly distributed child pornography, U.S.S.G. supp. to app. C, amend. 801, at 144–45 (U.S. Sentencing Comm'n 2016), but it "did not address whether the *Dodd* inference was reasonable or sufficient." *Martinez*, 970 F.3d at 988. Based on the views of the Commission, should we view the *Dodd* formulation as suspect? *See* U.S.S.G. supp. to app. C, amend. 801, at 144–45 (discussing *Dodd*, but "generally adopt[ing]" the approaches of three different circuits). Or is a defendant's use of a file-sharing program "sufficient by itself to support an inference that the defendant had the requisite knowledge"? *Martinez*, 970 F.3d at 989.

Whatever the merit of Grabau's argument regarding *Dodd*, as in *Martinez*, we need not answer that question because there is "direct evidence of knowledge beyond the simple fact that files were transferred through a file-sharing program." *Id.* Indeed, the district court found direct evidence of Grabau's "knowledge" beyond him simply using BitTorrent or possessing a cache of pornography. As the district court stated, Grabau had "a greater and superior knowledge than most people do about how software works": he collected hundreds of digital devices, he earned a bachelor's degree in computer science, and he was a field technician for a technology company. Thus, the totality of circumstances justified the district court's finding that, by using peer-to-peer software, Grabau knew he would "make his child pornography available to other people to download, just as has happened in this case[.]"

Though we agree with the district court that this case presents a close call, the district court did not commit clear error in finding, by a preponderance of evidence, that Grabau knowingly distributed child pornography.  Thus, there was no legal error in applying the enhancement.

Accordingly, we affirm the judgment of the district court.

_____