# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1450

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Gary Belflower, | * | |
| | * | [TO BE PUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: November 18, 2004
Filed: December 3, 2004

_____

Before MURPHY, LAY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Gary Belflower took part in e-mail chat rooms with a person he believed to be a fourteen year-old girl named "Jenny." He also e-mailed images of child pornography to "Jenny." Unfortunately for Belflower, "Jenny" was actually an undercover detective. On February 21, 2002, Belflower's residence was searched and a number of incriminating images were seized from his computer files. Ultimately, Belflower pled guilty to one count of knowingly transporting in interstate commerce, by means of a computer, visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1), and one count of

possession of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(5)(B).

The Presentence Report (PSR) recommended a four-level enhancement to Belflower's offense level because the images involved in the offenses "portray[ed] sadistic or masochistic conduct or other depictions of violence . . . ." United States Sentencing Guidelines (U.S.S.G.) § 2G2.2(b)(3) (2002).[1] Belflower objected to the enhancement. At the sentencing hearing, the Government submitted Exhibit 2, which contained one image sent by Belflower to "Jenny" during their on-line conversations. The Government also submitted Exhibit 3, which contained seventeen images seized from Belflower's computer. After reviewing these images, the district court found that several images contained in Exhibit 3 met the definition of "sadistic" or "violent" depictions, while the image in Exhibit 2 did not. The court overruled Belflower's objection to the enhancement. He was sentenced to sixty-three months of imprisonment for the trafficking count and sixty months of imprisonment for the possession count, with the terms of imprisonment running concurrently.

Belflower now appeals the enhancement of his sentence. He claims that the district court failed to make adequate findings explaining why the images contained in Exhibit 3 constituted "sadistic" or "violent" depictions pursuant to U.S.S.G. § 2G2.2(b)(3), and claims the images show, "at worst," attempted and actual anal and vaginal penetration of male and female children by adult males which "do not depict a child experiencing physical cruelty or pain" and "may or may not [be] a violent act." Appellant's Brief at 9-10.

We reject these arguments. This circuit recently ruled that images involving the sexual penetration of a minor girl by an adult male and images of an adult male

---

[1]The 2002 version of the Guidelines applies in this case due to Ex Post Facto concerns. *See* PSR at 11 ¶¶ 39, 40.

performing anal sex on a minor girl or boy are *per se* sadistic or violent within the meaning of U.S.S.G. § 2G2.2(b)(3). *See United States v. Diaz*, 368 F.3d 991, 992 (8th Cir. 2004). Today, we hold that images of an adult *attempting* such acts are likewise "sadistic" or "violent" for the purpose of U.S.S.G. § 2G2.2(b)(3). Such images portray conduct sufficient to presume the infliction of mental or physical coercion or abuse upon a minor. They also bespeak a sadistic intent to achieve sexual pleasure through the necessarily violent depiction of a minor as either a sexual object ripe for or deserving of sexual exploitation, or as a sexual subject desirous of and complicit in his or her own sexual exploitation.

Belflower next argues that even if the images in Exhibit 3 were sadistic or otherwise violent, the images which supported his *possession* offense should not be used to enhance the sentence for his *trafficking* offense. He claims that U.S.S.G. § 2G2.2(b)(3) permits an enhancement only for the trafficking offense, and there is no evidence that the images in Exhibit 3, which were merely stored in his computer files, were trafficked in any way. Belflower acknowledges the Eighth Circuit's rule that a defendant's contemporaneous possession of violent images during the same time frame that he or she engaged in the trafficking offense is "relevant conduct" for the purposes of the trafficking charge. *See United States v. Stulock*, 308 F.3d 922, 926 (8th Cir. 2002); *see also* U.S.S.G. § 1B1.3(a)(1) (stating that specific offense characteristics are determined on the basis of all acts by the defendant that "occurred during the commission of the offense of conviction" or "in preparation for that offense"). However, Belflower observes that the record is silent as to when the images in Exhibit 3 were placed on his computer, and therefore, "it is not at all clear that the merely-possessed images have a temporal or other relation to the trafficking offense . . . ." He further argues that it is not clear they are "part of the same course of conduct" as the guideline requires. He relies upon *United States v. Fowler*, 216 F.3d 459, 461 (5th Cir. 2000) to support this argument.

It is not necessary to resolve the issue of contemporaneous possession to affirm the district court's sentence. Pursuant to U.S.S.G. § 3D1.2 (2002), a court can group multiple crimes for the purpose of sentencing when the various crimes involve "substantially the same harm." Crimes involve "substantially the same harm" within the meaning of this section when, *inter alia*, "one of the counts embodies conduct that is treated as a specific offense characteristic in . . . the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c). The offenses of trafficking child pornography and possession of child pornography are specifically identified as crimes which are to be grouped. *See* U.S.S.G. § 3D1.2 (listing offenses in §§ 2G2.2 and 2G2.4–possession and trafficking–as ones that should be grouped).

The trafficking offense incorporates as a "specific offense characteristic" images portraying "sadistic or masochistic conduct or other depictions of violence . . . ." U.S.S.G. § 2G2.2(b)(3). Here, the district court found that the conduct constituting Belflower's possession offense involved "sadistic" or otherwise "violent" images of child pornography, based on a review of the Exhibit 3 images. Therefore, the possession offense and the trafficking offense involve "substantially the same harm," and may be grouped together and "treated as . . . a single offense for purposes of the guidelines." U.S.S.G. § 3D (introductory cmt.).

Accordingly, we hold that the district court did not err in applying the four-level enhancement to Defendant Belflower. The sentence is AFFIRMED.

_____