# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4391

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the Eastern
　　　　　　　　　　　　　　　　　*　District of Missouri.
David Malsch,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　*

_____

Submitted: February 16, 2007
Filed: February 26, 2007

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

David Malsch appeals the sentence imposed after he pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). He argues the district court[1] erred in finding a preponderance of the evidence showed one of the pictures attributed to Malsch portrayed sadistic conduct which warranted a four-level increase in his base offense level under the U.S. Sentencing Guidelines (U.S.S.G. or Guidelines). We affirm the judgment of the district court.

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

"On appeal of a sentence, we review de novo the district court's application of the sentencing guidelines and its factual findings for clear error." United States v. Davidson, 437 F.3d 737, 739-40 (8th Cir. 2006). Section 2G2.2(b)(3) of the 2003 Guidelines provides: "If the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by 4 levels." "We have defined the term sadism as the infliction of pain on a love object to obtain sexual release, and as delight in physical or mental cruelty" and "violence as the exertion of physical force to injure or abuse." United States v. Diaz, 368 F.3d 991, 992 (8th Cir. 2004). Images depicting an adult penetrating or attempting to penetrate a minor are per se sadistic because "[s]uch images portray conduct sufficient to presume the infliction of mental or physical coercion or abuse upon a minor." United States v. Belflower, 390 F.3d 560, 562 (8th Cir. 2004) (per curiam).

The district court determined the picture in question depicted an adult male sexually penetrating a minor. Malsch concedes the picture depicts a minor, "who appears to be around twelve years old," being penetrated by a male penis. Appellant's Br. 8. But Malsch argues it is impossible to tell if the male penetrating the minor is an adult, because the picture is of poor quality and the male is positioned below the minor leaving his face and much of his body obscured. The district court found the male penetrating the minor possessed a quantity of pubic hair, mature genitalia, and a mature hand inconsistent with a child's anatomy and consistent with an adult's anatomy.

On clear error review, we will not reverse "the district court's account of the evidence" if it "is plausible in light of the record viewed in its entirety." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. . . . This is so even when the district court's findings . . . are based . . . on physical or documentary evidence or inferences from other facts." Id. (citations omitted). After a review of the record, we find the district court's determination the

picture showed an adult male penetrating a minor is a permissible view of the evidence. Therefore, under <u>Belflower</u>, the image is per se sadistic and application of the specific offense adjustment set forth in U.S.S.G. § 2G2.2(b)(3) was not error.

Accordingly, we affirm.

_____