# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2583

_____

United States of America

*Plaintiff - Appellee*

v.

Arron Dean Norton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: February 10, 2014
Filed: March 10, 2014
[Unpublished]

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Arron Norton to 360 months in prison, following Norton's guilty plea to one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). Norton appeals, challenging the district court's application of a four-level enhancement during its sentence calculation and the overall reasonableness of his sentence. We affirm.

## I.    BACKGROUND

In March 2011, law enforcement identified Norton following a "cyber-tip" submitted to the National Center for Missing and Exploited Children, as the result of a posting by a self-described "horny father of one" seeking sexual activity with "a girl in her teens to twentys [sic] 14 to 29." When approached by officers, Norton admitted to making the posting and confirmed that he downloaded and viewed child pornography, preferring images of minors ages eight to fifteen. A contemporaneous search of Norton's home and an ensuing investigation of Norton's computers and online accounts revealed emails between Norton and other individuals discussing Norton's illicit activities with a four-year-old girl he was babysitting, along with attached graphic images of Norton's acts with the victim. Norton admitted to officers that he babysat the victim in the images, took the pictures with his cell phone and transferred the images to his computer. A forensic review of Norton's computer disclosed copies of twelve images of the victim and another 377 images of child pornography. The forensic analysis further revealed fourteen video files of child pornography.

On October 21, 2011, while a state case was pending against Norton, the United States Attorney's office filed a four-count indictment against Norton. He was charged with receiving and distributing child pornography, possessing child

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

pornography, and two counts of sexual exploitation of a child. Norton pled guilty to one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). At sentencing, the district court applied a four-level enhancement pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2G2.1(b)(4) for material portraying sadistic or masochistic conduct or other depictions of violence and imposed a sentence of 360 months, the top of the Guidelines range. Norton appeals.

## II. DISCUSSION

First, Norton challenges the district court's application of a four-level sentencing enhancement under U.S.S.G. § 2G2.1(b)(4) for offenses involving "material that portrays sadistic or masochistic conduct or other depictions of violence," which the Presentence Investigation Report (PSR) included in its recommendation. "We review the district court's finding that the enhancement applies for clear error." United States v. Dunn, 723 F.3d 919, 929-30 (8th Cir. 2013), cert. denied, 82 U.S.L.W. 3406 (2014).

The Guidelines do not define the terms "sadistic," "masochistic," or "depictions of violence," but we have concluded that sexual penetration of a minor female by an adult male is per se sadistic. United States v. Belflower, 390 F.3d 560, 562 (8th Cir. 2004). Too, "[t]he enhancement . . . applies to material *depicting* sadistic, masochistic, or violent conduct even if those pictured were not truly engaging in painful activities." United States v. Cannon, 703 F.3d 407, 415 (8th Cir.) (quotation omitted), cert. denied, 133 S. Ct. 2375 (2013).

The record below discloses images that at minimum show attempted penetration by an adult male penis, as well as digital penetration and manipulation of the victim's genitals. One image in particular, according to the PSR, shows an adult male penis entering a prepubescent vagina. Norton vehemently maintains, however, that the image only shows the tip of an adult male penis resting on or between, not

penetrating, the victim's labia. Additionally, one of the images depicted Norton having ejaculated onto the victim. Norton also possessed several hundred images of child pornography, some of which depicted children in bondage. The record likewise contains emails from Norton wherein he discusses the victim at issue here, which is additional evidence of material depicting sadistic or violent conduct. See United States v. Raplinger, 555 F.3d 687, 694-95 (8th Cir. 2009) (emphasizing that the enhancement under U.S.S.G. § 2G2.1(b)(4) applies to material *depicting* sadistic or violent conduct regardless of the subjective intent of the perpetrator or the actual experience of the victim). In one recitation, Norton indicates that he "didn't do too much with [the victim] today," because he only "tr[ied] very lightly to slip the tip in her," and that he "would really love to get [the victim] opened up so she can take my [penis] in-side [sic] her [where] it belongs."

On appeal, Norton argues that although one image in question indeed depicts his bare penis against the victim's vagina, it does not depict any penetration and thus is not per se sadistic for purposes of application of the enhancement. He additionally argues that any reliance upon his statement that he "[tried] very lightly to slip the tip in her," is wholly misplaced because the statement, and use of the verb "to try," actually proves that penetration was unsuccessful. But Norton's focus on the one image is too myopic in scope.

In Belflower, in addition to noting this court's prior holding that images involving sexual penetration of a minor girl are per se sadistic or violent within the meaning of the Guidelines' enhancement at issue, the court established that "images of an adult *attempting* such acts are likewise 'sadistic' or 'violent' for the purpose of U.S.S.G. § 2G2.2(b)(3)." Belflower, 390 F.3d at 562. Given this court's precedent in light of the entire record in this case, the district court committed no clear error here. The district court relied upon the many images, together with Norton's own words describing these heinous acts, and correctly applied the four-level enhancement now challenged by Norton. Any attempt by Norton to argue that these images

-4-

somehow do not portray "images of an adult *attempting* [sexual penetration of a minor]" is disingenuous at best and will not be indulged by this court. Id.

Second, in addition to claiming that the district court procedurally erred in applying the four-level enhancement under U.S.S.G. § 2G2.1(b)(4), Norton challenges the overall reasonableness of his sentence. We review the substantive reasonableness of Norton's sentence under a "deferential abuse-of-discretion standard." United States v. Manning, 738 F.3d 937, 947 (8th Cir. 2014) (quotation omitted). "If the district court imposes a within-Guidelines sentence, this court presumes the sentence is reasonable, and [Norton] bears the burden to rebut the presumption." Id. We have carefully reviewed the record evidence in this matter as well as the district court's sentencing colloquy discussing the 18 U.S.C. § 3553(a) factors and find the district court did not abuse its discretion. Perhaps the district court said it best:

> [This offense] is among a handful of the most serious offenses this Court has seen. It is serious for so many reasons, but it truly is this offense in its very most aggravated form. I can't think of how this offense could fit the definition of this crime in a more aggravated fashion for all of the obvious reasons for that, for the abuse of a child, for the abuse of a little child, for the abuse of a little defenseless child, for the photography, for the sharing of it, for just the attempted justification of this behavior which I find shocking.

## III. CONCLUSION

For the reasons stated herein, we affirm.

_____