# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1525

———————————————

United States of America

*Plaintiff - Appellee*

v.

Damien Morgan

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: September 23, 2016
Filed: December 1, 2016

——————————

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

——————————

BENTON, Circuit Judge.

Damien Morgan pled guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and one count of attempted production in violation of 18 U.S.C. § 2251(a) and (e). He reserved the right to appeal the denial of a motion to suppress. Morgan now appeals the motion and two base-offense-level

enhancements to his guidelines range. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

On August 4, 2013, an officer discovered that a computer offered child pornography by peer-to-peer file sharing. That day, police identified the computer's IP address. Twenty-four days later, police determined that the IP address was assigned to Morgan. Over seven weeks later, a state judge issued a search warrant for his home—75 days after the IP address was identified and 51 days after investigators associated the IP address with Morgan.

Five days later, police executed the warrant at Morgan's home. They also arrested him on a warrant for an unrelated no-fare-transit violation.

The arresting officer seized a cell phone from Morgan and, while handcuffing him, noticed a tattoo on his wrist. At the station, Morgan requested his cell phone to tell his employer and sister where he was. Police gave him the cell phone, under police supervision. As Morgan scrolled through his contacts, he did not object as a detective watched his screen. According to the detective, Morgan spontaneously shared facts about the contacts. The detective wrote down some names and numbers.

While Morgan was in custody, a different detective found original images of child pornography on a computer from his home. One image showed a man with a tattooed arm touching a female child's genitalia. The detective who found the images asked Morgan to lift the sleeve of his shirt so that he could photograph his tattoo. Morgan agreed, lifting his sleeve and allowing photographs without objection. Morgan's tattoos matched the tattoos in the photographs from his computer.

Police later identified the child in the computer images. Morgan's public Facebook profile led to the profile of a woman who a detective recalled was one of Morgan's cell-phone contacts. Her public profile showed a daughter resembling the child pictured.

The district court[1] denied Morgan's motion to suppress all evidence seized from his home as well as physical evidence seized from his person or possession. Following a conditional guilty plea, the court sentenced him to 360 months, based on a guidelines range including enhancements of: (1) four levels for images depicting sadistic conduct and (2) five levels for a pattern of activity.

## II.

This court reviews a district court's factual findings for clear error and its legal conclusions de novo. *United States v. Burston*, 806 F.3d 1123, 1126 (8th Cir. 2015). The denial of a motion to suppress is affirmed unless this court "find[s] that the decision is unsupported by the evidence, based on an erroneous view of the law, or the Court is left with a firm conviction that a mistake has been made." *United States v. Riley*, 684 F.3d 758, 762 (8th Cir. 2012) (internal quotation marks omitted).

## A.

A search warrant requires probable cause, "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before" the judge, "there is a fair probability that . . . evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). This court determines only whether the

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

issuing judge "had a substantial basis [to conclude] that probable cause existed." *Id.* at 238-39 (internal quotation marks omitted).

Morgan argues that the information in the search warrant was stale, and thus the warrant lacked probable cause, because police did not apply for the warrant until 75 days after identifying his IP address and 51 days after associating it with him.

Periods much longer than 75 or 51 days have not rendered information stale in computer-based child-pornography cases. *See, e.g.*, **United States v. Estey**, 595 F.3d 836, 840 (8th Cir. 2010) (holding that a five-month delay did not render information stale). The affidavit in support of the search warrant attested that collectors of child pornography tend to retain images and that computer programs that download these images "often leave[ ] files, logs or file remnants which would tend to show the exchange, transfer, distribution, possession or origin of the files." *See* **United States v. Horn**, 187 F.3d 781, 786 (8th Cir. 1999) ("The timeliness of the information supplied in an affidavit depends on the circumstances of the case, including the nature of the crime under investigation; the lapse of time is least important when the suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated."). The affidavit established a fair probability of finding evidence on Morgan's computers.

## B.

A Fourth Amendment search occurs "when the government violates a subjective expectation of privacy that society recognizes as reasonable." **Kyllo v. United States**, 533 U.S. 27, 33 (2001). In contrast, whatever "a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." **Katz v. United States**, 389 U.S. 347, 351 (1967).

Morgan had no reasonable expectation of privacy when he voluntarily displayed his cell-phone screen in the presence of the detectives. Morgan had his phone because he asked for it. He did not object when the detective observed his activities. And—according to the detective's uncontested testimony—Morgan spontaneously shared information about his contacts with the detective. This is unlike officers looking on their own through the contents of a cell phone. *See **Riley v. California***, 134 S. Ct. 2473, 2480-82 (2014). Instead, it is "an officer's mere observation of an item left in plain view," which "generally involves no Fourth Amendment search." ***Texas v. Brown***, 460 U.S. 730, 738 n.4 (1983). *See **Kyllo***, 533 U.S. at 32 (recognizing the Court's continued holding that "visual observation is no 'search' at all").

Morgan believes that the plain-view doctrine applies only if: (1) the officer is in a lawful position to view the evidence, (2) the officer discovers the incriminating evidence inadvertently, and (3) the incriminating nature of the evidence is immediately apparent. Morgan contends the last two conditions are not satisfied. This contention conflates the plain-view doctrine for seizures with the plain-view doctrine for searches. An officer does not violate the Fourth Amendment by viewing evidence from a position he lawfully occupies, remembering it, and using it later. Observing what is in plain sight does not implicate the additional requirements for a seizure; being in a lawful position to observe evidence is sufficient. ***Brown***, 460 U.S. at 738 n.4.

Morgan had no reasonable expectation of privacy in his cell-phone screen once he made it visible to the public by displaying it in the presence of a detective.

C.

A warrantless search, generally unreasonable, is "valid if conducted pursuant to the knowing and voluntary consent of the person subject to a search." ***United***

*States v. Sanders*, 424 F.3d 768, 773 (8th Cir. 2005). Whether consent is voluntary is a factual question, reviewed for clear error. *Id.*; *Pace v. City of Des Moines*, 201 F.3d 1050, 1053 (8th Cir. 2000).

The magistrate judge found that a detective "asked [Morgan] to move his shirt sleeve so that [the detective] could take a photograph of [his] tattooed arm. [Morgan] agreed to do so." To agree is "to indicate willingness : consent." *Agree*, **Webster's Third New International Dictionary** 43 (2002). The magistrate judge found that Morgan consented to the photographs of his tattoo. The district court adopted that finding and found "no evidence that [he] was coerced." Nothing indicates these findings are clearly erroneous. The district court correctly denied the motion to suppress the photographs of Morgan's tattoos.

## III.

Findings of fact about sentencing enhancements are reviewed for clear error; interpretations of the guidelines are reviewed de novo. *United States v. Ault*, 598 F.3d 1039, 1040 (8th Cir. 2010).

## A.

Guideline § 2G2.1(b)(4) authorizes a four-level increase to the base offense "[i]f the offense involved material that portrays . . . sadistic or masochistic conduct or other depictions of violence." The term "sadistic" is not defined in the guidelines, but has been addressed by this court several times.

If an image depicts actual or attempted penetration, it is per se sadistic. *United States v. Belflower*, 390 F.3d 560, 562 (8th Cir. 2004). An image need not show actual or attempted penetration to portray sadistic material. *See United States v.*

*Parker*, 267 F.3d 839, 847 (8th Cir. 2001). Conduct that is "sufficiently painful, coercive, abusive, and degrading" may also be sadistic. *Id.*

The images at issue show Morgan's fingers placed on the inside of the child's labia, spreading them to expose her genitalia. At sentencing, the district court found that these images depicted "a form of penetration" because "[t]his was not a situation where the Defendant was touching her externally." This factual determination is not clearly erroneous. The district properly applied the four-level enhancement.

B.

Guideline § 4B1.5(b) authorizes a five-level enhancement if (1) "the defendant's instant offense of conviction is a covered sex crime" and, as relevant here, (2) "the defendant engaged in a pattern of activity involving prohibited sexual conduct."

Morgan objects to this enhancement, claiming his *attempted* production of child pornography is not "prohibited sexual conduct," thus precluding a pattern of activity. He reaches this view by comparing the definitions of "covered sex crime" and "prohibited sexual conduct." According to Morgan, "prohibited sexual conduct" includes production of child pornography but not attempted production, which thus cannot be a second offense required for a pattern of activity.

Application Note 2 defines "covered sex crime" as:

(A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of such title, not including trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense; (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or

-7-

(B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iv) of this note.

Application Note 4(A) defines "prohibited sexual conduct" as:

(i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. It does not include receipt or possession of child pornography.

Morgan argues that subsection (B) of Note 2, by explicitly including attempt, means that the statutes in subsection (A) do not include attempted production of child pornography. By his logic, because "prohibited sexual conduct" does not mention "attempted" production, attempt is not included in prohibited sexual conduct. Morgan argues that, at least, the definitions are ambiguous whether attempted production of child pornography is prohibited sexual conduct. He invokes the rule of lenity to void the enhancement.

The rule of lenity will "resolve ambiguity in favor of the defendant only at the end of the process of construing what Congress has expressed when the ordinary canons of statutory construction have revealed no satisfactory construction." *Lockhart v. United States*, 136 S. Ct. 958, 968 (2016) (internal quotation marks omitted). An arguable alternative construction "cannot automatically trigger the rule of lenity." *Id.*

Here, there is a satisfactory construction: Both definitions—explicitly in the first definition and in the second by referencing 18 U.S.C. § 2426(b)(1)(A)—incorporate chapter 110 of title 18, which includes attempted

production of child pornography.  This plain reading of the text is the more natural interpretation.  *See **United States v. Broxmeyer***, 699 F.3d 265, 285 (2d Cir. 2012).  No ambiguity triggers the rule of lenity.  The district court correctly ruled that "attempted production of child pornography is a crime under chapter 110 of title 18," and thus properly applied the five-level enhancement.


* * * * * * *



The judgment is affirmed.

_____