# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1195

_____

United States of America

*Plaintiff - Appellee*

v.

John Charles Schnekenburger

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: November 11, 2019
Filed: January 2, 2020
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

John Charles Schnekenburger pled guilty to production of child pornography in violation of 18 U.S.C. § 2251(a). The district court[1] enhanced his sentence under U.S.S.G. § 2G2.1(b)(4)(A) ("sadistic or masochistic conduct") and U.S.S.G. § 2G2.1(b)(6)(B) ("the use of a computer"). He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Schnekenburger argues the district court erred in applying two sentencing enhancements. This court reviews the application of the sentencing guidelines de novo, and the district court's factual findings review for clear error. *United States v. Cannon*, 703 F.3d 407, 415 (8th Cir. 2013).

A sentencing enhancement under U.S.S.G. § 2G2.1(b)(4)(A) applies when the "offense involved material that portrays . . . sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4)(A). The enhancement also "applies to material *depicting* sadistic, masochistic, or violent conduct even if those pictured were not truly engaging in painful activities." *Cannon*, 703 F.3d at 415. This court has held that "images involving the sexual penetration of a minor girl by an adult male . . . are *per se* sadistic or violent." *United States v. Belflower*, 390 F.3d 560, 562 (8th Cir. 2004) (construing the meaning of "sadistic or masochistic" in the context of U.S.S.G. § 2G2.2(b)). Here, Schnekenburger produced videos of a fifteen-year-old inserting a foreign object into her vagina and anus. The district court did not err in determining this conduct meets the definition of "sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4)(A). *See United States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001) (holding that self-penetration by a foreign object qualifies as violence).

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

A sentencing enhancement under U.S.S.G. § 2G2.1(b)(6) applies when the defendant used "a computer or an interactive computer service to . . . persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct." U.S.S.G. § 2G2.1(b)(6)(B). This enhancement applies "to the use of a computer or an interactive computer service to communicate directly with a minor." U.S.S.G. § 2G2.1, comment. n.6(B). Schnekenburger did not object to portions of the Presentence Investigation Report that said he: (1) created social media accounts pretending to be a young male; (2) befriended multiple minor females; (3) requested and received child pornography from the minors via the computer; and (4) stored the pornography on his electronic devices. Based on this evidence, the court did not err in applying this enhancement.

* * * * * * *

The judgment is affirmed.

_____