# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2665
_____

United States of America,

*Plaintiff - Appellee*,

v.

John Hunt,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 28, 2020
Filed: March 3, 2020
[Unpublished]

_____

Before LOKEN, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

John Hunt appeals after he pleaded guilty to child exploitation and child pornography offenses, and the district court[1] sentenced him to a prison term within

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

the advisory sentencing guideline range. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Counsel argues that the district court erred at sentencing in applying two guideline enhancements and in considering a contested fact. Counsel also argues that the district court imposed a substantively unreasonable prison term and abused its discretion in imposing a special condition of supervised release.

Upon careful review, we conclude that the district court did not err in applying the enhancements. Specifically, the enhancement for material involving sadistic or masochistic conduct applied because the offense involved material portraying intercourse with a minor. *See* U.S.S.G. § 2G2.1(b)(4)(A); *cf. United States v. Belflower*, 390 F.3d 560, 562 (8th Cir. 2004) (per curiam). The enhancement for obstruction of justice applied based on threatening messages that Hunt sent to the victim. *See* U.S.S.G. § 3C1.1, comment. (n.4(k)). Counsel's suggestion that the district court failed to make an express factual finding regarding a contested fact is refuted by the record. R. Doc. 56, at 53, line 17.

We further conclude that the district court did not impose a substantively unreasonable prison term, as the court adequately based the sentence on the factors listed in 18 U.S.C. § 3553(a), and we presume that a term within the advisory guideline range is reasonable. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014). In addition, we conclude that the district court did not abuse its discretion in imposing a special condition of supervised release that Hunt must seek employment and work full time unless excused by the probation office. *Cf. United States v. Munoz*, 812 F.3d 809, 819 (10th Cir. 2016).

Finally, having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____