## United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2177
_____

United States of America

*Plaintiff - Appellee*

v.

Gregory McCloud

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 14, 2020
Filed: May 26, 2020
[Unpublished]
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

After Gregory McCloud pleaded guilty to two child-pornography counts, the district court[1] sentenced him to 240 months in prison. *See* 18 U.S.C. § 2251(a)

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

(exploiting a minor for the purpose of producing child pornography). McCloud argues that he should not have received a four-level sentence enhancement for producing "material that portrays . . . sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4)(A); *see United States v. Morgan*, 842 F.3d 1070, 1075 (8th Cir. 2016) (reviewing the district court's interpretation of the Sentencing Guidelines de novo). Our cases say otherwise, so we affirm.

McCloud took photographs of a minor "in various stages of undress," including one in which McCloud had pulled her underwear to one side and used his fingers to penetrate her as she slept. We have repeatedly held that sexual penetration of a minor is "*per se* sadistic or violent" conduct under the Sentencing Guidelines. *United States v. Belflower*, 390 F.3d 560, 562 (8th Cir. 2004) (per curiam); *accord, e.g.*, *United States v. Dodd*, 598 F.3d 449, 453 (8th Cir. 2010). Digital penetration is no exception. *Morgan*, 842 F.3d at 1076.

Nor is there an exception, as McCloud suggests, for penetrating a minor who is asleep. What matters is the conduct depicted, not the victim's subjective awareness of it. *See Dodd*, 598 F.3d at 453 (declining to "undertak[e] a fact-specific analysis" to determine if the conduct in the video was "sufficiently painful" (citation omitted)); *United States v. Raplinger*, 555 F.3d 687, 694–95 (8th Cir. 2009) (allowing an enhancement for sexually explicit photographs of a minor wearing "toy handcuffs" that she "voluntarily put on and which did not cause her pain"); *United States v. Starr*, 533 F.3d 985, 1001–02 (8th Cir. 2008) (rejecting an "unpersuasive" argument that the enhancement could not apply in "the absence of evidence" of "pain or injury suffered"). Under our precedent, the conduct depicted here is "necessarily violent." *Belflower*, 390 F.3d at 562.[2]

---

[2]To the extent *United States v. Nesmith*, 866 F.3d 677 (5th Cir. 2017), holds otherwise, our responsibility is to follow our own precedent. *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (explaining that we are bound by what prior panels have decided).

We accordingly affirm the judgment of the district court.

_____