# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1710
_____

United States of America

*Plaintiff - Appellee*

v.

Genard Alonzo Toney

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: November 16, 2020
Filed: June 2, 2021
[Unpublished]
_____

Before COLLOTON, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

In 2018, Genard Toney pleaded guilty to attempted production of child pornography, 18 U.S.C. § 2251(a), (e), and receipt and distribution of child

pornography, 18 U.S.C. § 2252(a)(2), (b)(1). The district court[1] sentenced him to 360 months' imprisonment on the first count and 240 months' imprisonment on the second count, to be served concurrently, as well as supervised release for life. Toney appeals his sentence. He argues that the district court improperly applied a five-level sentencing enhancement for "engag[ing] in a pattern of activity involving prohibited sexual conduct," United States Sentencing Guidelines § 4B1.5(b)(1) (2018), and that his sentence is substantively unreasonable.[2]

Toney stipulated to the following facts at his change of plea hearing. In February and March 2017, he exchanged several text messages with women he met on PlentyOfFish, an online dating service. He posed as a woman. When initiating conversations with women on the website, one of the first questions Toney asked was whether they had children. If a woman responded that she did, Toney would generally continue the conversation in one of two ways. He would "send a photo of a minor female with her mouth on a woman's breast" and encourage the recipient to send him a picture of her own children. Or he would discuss his young son's frequent erections, send the woman a photo of "a minor male child's penis," and then encourage her to take a photo of her own minor son's penis to send him. After two women reported this conduct to law enforcement, Toney was identified as the sender of the messages. During law enforcement's investigation into Toney's conduct, forensic examiners also found several images of child pornography stored on one of his electronic devices.

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

[2]Toney has filed a pro se Motion to Supplement raising additional issues that we do not consider because he is represented by counsel on appeal. See United States v. Robertson, 883 F.3d 1080, 1087 (8th Cir. 2018) ("It is longstanding Eighth Circuit policy that when a party is represented by counsel, we will not accept *pro se* briefs for filing.").

At sentencing, Toney objected to application of the five-level enhancement. He argued that it applies only to those individuals who are shown to pose a continuing danger to the public as a "repeat and dangerous sex offender against minors" and that no such finding was made in his case. The district court overruled the objection. On appeal, Toney argues for the first time that the enhancement does not apply to him because it requires that the defendant have engaged in a "pattern of activity involving prohibited sexual conduct . . . with a minor," USSG § 4B1.5, comment. (n.4(B)(i)), and that his "prohibited sexual conduct" was not "with a minor." We review this newly raised issue for plain error. See Davis v. United States, 140 S. Ct. 1060, 1061 (2020) (per curiam) ("When a criminal defendant fails to raise an argument in the district court, an appellate court ordinarily may review the issue only for plain error").

Guideline § 4B1.5(b) authorizes a five-level enhancement to a defendant's offense level if (1) "the defendant's instant offense of conviction is a covered sex crime" and (2) "the defendant engaged in a pattern of activity involving prohibited sexual conduct." USSG § 4B1.5(b)(1).

The parties agree that Toney's 18 U.S.C. § 2251(a) and (e) conviction is a "covered sex crime" for purposes of the enhancement. See id. § 4B1.5(b). By pleading guilty to this crime, Toney admitted that on or about February 9, 2017, he attempted to "employ[], use[], persuade[], induce[], entice[], or coerce[] a[] minor[, John Doe,] to engage in . . . sexually explicit conduct for the purpose of producing a[] visual depiction of such conduct." 18 U.S.C. § 2251(a), (e). Guideline § 4B1.5, comment. (n.2) defines "covered sex crime" to include "an offense, perpetrated against a minor, under . . . chapter 110 of [title 18]," which contains 18 U.S.C. § 2251(a) and (e), Toney's instant offense of conviction.

We turn next to whether Toney engaged in a "pattern of activity involving prohibited sexual conduct." USSG § 4B1.5(b). The Guideline's definition of

"prohibited sexual conduct" specifically includes "the production of child pornography." Id., comment. (n.4(A)). And we have previously held that inchoate offenses, such as attempted production of child pornography, may be considered "prohibited sexual conduct" for purposes of the enhancement. See United States v. Morgan, 842 F.3d 1070, 1077 (8th Cir. 2016).

Nevertheless, the enhancement applies only if there is a "pattern of activity involving prohibited sexual conduct," which is separately defined to mean that "on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." USSG § 4B1.5, comment. (n.4(b)(i)).

The district court considered Toney's guilty plea to attempted production of child pornography as one qualifying occasion. The conduct underlying that conviction took place on February 7, 2017. The district court then relied on facts in the Government's Factual Basis and Offer of Proof for Guilty Plea, which was signed by both parties and admitted at the plea hearing, to conclude that a second occasion of similar "prohibited sexual conduct with a minor" took place on another date. At sentencing, Toney's counsel acknowledged "it is undisputed that there were multiple incidents as far as what led to the plea of guilty, that is, there was more than one communication with another adult making a request for sexually explicit material."[3] But on appeal, Toney argues that none of this conduct, which the district court relied on to apply the enhancement, involved "prohibited sexual conduct with a minor." Id.

Toney asserts that the phrase "with a minor" narrows the type of "prohibited sexual conduct" that qualifies as "a pattern of activity involving prohibited sexual conduct" for purposes of the enhancement. See id. § 4B1.5(b). As a general proposition, we agree. The enhancement's definition of "prohibited sexual conduct"

---

[3]Counsel argued, unsuccessfully, that these multiple communications should instead be considered "one course of conduct."

encompasses several crimes that do not necessarily involve a minor. See, e.g., 18 U.S.C. § 2421A(a) (prohibiting promotion or facilitation of prostitution); 18 U.S.C. § 2242 (prohibiting sexual abuse of individuals in federal custody or under "the special maritime and territorial jurisdiction of the United States").

But we disagree that it was plain error for the district court to apply the enhancement in Toney's case. Toney argues that because he communicated only with the parents of minors, and not the minors themselves, his conduct was not "with a minor" for purposes of the enhancement. USSG § 4B1.5, comment. (n.4(b)(i)). But the conduct underlying each of Toney's two "occasions" of "prohibited sexual conduct with a minor" was an attempt to use a minor to produce child pornography. He made each attempt by contacting the minor's adult caretaker to make the minor available for such use. Toney focuses exclusively on the fact that he communicated solely with adults, but the object of each attempt—and the purpose of his communication—was to produce a visual depiction of a minor engaged in sexually explicit conduct. Even assuming Toney offers a plausible reading of the Guideline's commentary as applied to these facts, it was not plain error for the district court to rely on the entirety of his conduct, including the objects of the attempts, to conclude that his "prohibited sexual conduct" was "with a minor." See United States v. Lovelace, 565 F.3d 1080, 1092 (8th Cir. 2009) ("A plain error is one that is clear or obvious under current law.").

Turning to the substantive reasonableness of Toney's sentence, the district court correctly calculated Toney's Guidelines range as 360 to 600 months. We review the substantive reasonableness of a district court's sentence for an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009). A sentence may be substantively unreasonable even if it falls within the Guidelines range. See United States v. Price, 542 F.3d 617, 622 (8th Cir. 2008) (explaining that the presumption of reasonableness we often accord a within Guidelines sentence "may be rebutted by reference to the statutory sentencing factors found in 18 U.S.C.

§ 3553(a)"). Here, however, the record demonstrates that the district court meaningfully considered the 18 U.S.C. § 3553(a) sentencing factors, ultimately reaching the conclusion that a sentence of 360 months' imprisonment, at the bottom of the Guidelines range, was appropriate. We discern no abuse of the district court's discretion.

We affirm the district court's judgment.

_____