# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2195
_____

United States of America

*Plaintiff - Appellee*

v.

Nathan Wright

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 15, 2025
Filed: November 6, 2025
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Nathan Wright pled guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) as well as transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(2). Wright produced various images and videos showing, among other things, oral penetration of a child while she was

sleeping. At sentencing, the district court[1] applied a four-level enhancement for the portrayal of sadistic or masochistic conduct or other depiction of violence under U.S.S.G. § 2G2.1(b)(4)(A) and imposed a within-Guidelines sentence of 600 months' imprisonment. Wright appeals, claiming the district court erred in calculating his advisory Sentencing Guidelines range and abused its discretion in weighing the 18 U.S.C. § 3553(a) factors. We affirm.

Wright contends the images he produced did not portray sadistic or masochistic conduct or other depictions of violence because they showed a sleeping child unaware of the sexual contact. We review a district court's factual determination of whether an image depicts "a form of penetration" for clear error. United States v. Morgan, 842 F.3d 1070, 1076 (8th Cir. 2016). We have previously stated that "images involving the sexual penetration of a minor girl by an adult . . . are *per se* sadistic or violent." United States v. Belflower, 390 F.3d 560, 562 (8th Cir. 2004). We need not rely on a *per se* rule here because the image Wright produced depicted forced oral sex involving a four-year-old girl, and that depiction qualifies as sadistic or violent for purposes of the enhancement. See United States v. Parker, 267 F.3d 839, 847 (8th Cir. 2001) (finding images depicting "forced oral sex" among other acts qualifies as sadistic or violent). The enhancement applies regardless of the victim's subjective awareness of sexual penetration. See United States v. Starr, 533 F.3d 985, 1001 (8th Cir. 2008) (rejecting the argument "that the absence of evidence of any pain or injury suffered on the part of [the victim] prohibits the application of the enhancement"). The district court did not err in applying the four-level enhancement under U.S.S.G. § 2G2.1(b)(4)(A).[2]

---

[1]The Honorable Timothy L. Brooks, then United States District Judge for the Western District of Arkansas, now Chief Judge.

[2]Because we are obligated to follow our precedent, Wright's reliance on United States v. Nesmith, 866 F.3d 677 (5th Cir. 2017), is unavailing. United States v. McCloud, 806 F. App'x 492, 492 n.2 (8th Cir. 2020) (per curiam) (unpublished) (citing Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc)).

Wright also contends the district court abused its discretion in weighing the sentencing factors when it imposed a within-Guidelines sentence of 600 months. A sentence within the advisory Sentencing Guidelines range is presumptively reasonable. United States v. Maati, 144 F.4th 1080, 1087 (8th Cir. 2025). The record shows that the district court considered the mitigating factors raised by Wright, including his childhood trauma, history of drug abuse, and an alleged sentencing disparity between Wright and similarly situated defendants. In imposing the sentence, the district court acted within its "wide latitude" to weigh the factors set forth in 18 U.S.C. § 3553(a) and assign greater weight to the nature and circumstances of Wright's offense than other factors. See United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011). Wright has not shown the district court abused its discretion or imposed a substantively unreasonable sentence.

We affirm the judgment of the district court.

_____